Chancellor Johnston
delivered the opinion of the Court.
This Court is of opinion, that Jas. H. Gilmore and wife are entitled to the benefit of their plea of the act of limitations. The money now sought to be recovered from them, was paid over to Mrs. Gilmore’s guardian in 1827 ; and the bill to recover it back was not .filed until 1833. The relation between the administrator and the guardian was terminated by the payment of the money. Indeed, with respect to the excess over the ward’s share, that relation never existed. It is a simple case of money paid by mistake, and action brought after the lapse of four years to recover it back.
It is argued that inasmuch as the guardian to whom the plaintiff paid the money does not plead the act, and therefore the plaintiff can recover it from him, who in his turn can go over to his ward for indemnity — that from these circumstances it follows, that the ward cannot protect herself by the statute.
If the plea is a good defence for the guardian, which he collusively neglects to make, the ward is not bound. So it was decided in Peyton v. Peyton, (Charleston MS. eases,) where a creditor having called the administrator and distributees before the Court, it was held that although the administrator would not plead the act, the distributees might do it for him, and thus protect their interests.
But there is another answer. Although the guardian has not pleaded the statute of limitations, he has pleaded and proved a full administration, (by settlement with his ward,) of all that came to his hands, and this before notice of any mistake. This discharges him. And as, by the argument to which I have alluded, the ward’s liability to the administrator is made to depend on the previous liability of the guardian, it follows that there can be no recovery here against the ward.
The bill must therefore be dismissed as to Gilmore and wife; but without costs.
*The bill must also be dismissed as to Mrs. Gilmore’s guardian ; he having sustained his plea of having paid over the assets before L notice from the plaiptiff.
With respect to the accounts, I am directed to say that the Court is, except in one or two particulars, satisfied with the circuit decision on the exceptions.
It is their opinion that if the defendants charge the administrator of George Massey according to the ordinary rule, with interest on the annual balances, he should not be charged with interest on the interest returned by him. The defendants must elect between the two methods *380 of stating the accounts. If they choose to charge the interest returned, that will dispose of the exception relating to the sale bill. If they choose to chai’ge by the ordinary rule, the question whether the interest on the sale bill shall be charged as contended for, will arise. That question is now pending before the Court in another case: and had better be left open in this until decided in that, or until the report comes in again. It may be, that the defendants’ election may render it unnecessary to decide it in this case.
Let the circuit decrees be modified according to the foregoing opinion ; and the case remanded to the Circuit Court.
Chancellors De Satjssdre, Johnson and Harper, and Justices O’Neall, Riohards'on, Evans and Butler, concurred.

An Act of the Legislature was passed on the 21st day of December, 1836, entitled “An Act to organize the Courts of this State,” which, after prescribing the times and places of holding the Courts of Law and Equity, provides, amongst other things, as follows :
Seo. 5. That all appeals from the Courts of Law shall be heard and determined in a Court of Appeals, consisting of the Law Judges — and that all appeals in Equity shall be heard and determined in a Court of Appeals, consisting of the Chancellors : That the said Courts shall meet at the same time, and be held as follows : that is to say : at Charleston, on the first Monday in February; and at Columbia, on the first Monday in May, and fourth Monday in November.
Sec. 6. That in all questions of Law, as distinguished from Equity, the Court of Chancery shall follow the decision of the Court of Law.
Seo. 1. That upon all constitutional questions arising out of the Constitution of this State, or of the United States, an appeal shall lie to the whole of the Judges assembled to hear such appeals: That an appeal shall also lie to the whole of the Judges upon all questions upon which either of the Courts of Appeal shall be divided, or when any two of the Judges of the Court shall require that a cause be further heard by all the Judges.
Seo. 8. That the Judges of Law and Equity, when assembled as aforesaid in one chamber, shall form a Court for the correction of all errors in Law or Equity, in the cases that may be heard before them : and that it shall be the duty of the Judges to make all proper rules and regulations for the practice of the said Court of Errors, and for the mode of bringing causes before them.